IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J.H. and S.H., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY OF THE RIVER VALLEY UNITEDHEALTHCARE HERITAGE PLUS PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Case No. 2:23-cv-00190-JNP-CMR <br><br> Chief District Judge Jill N. Parrish |

Plaintiffs J.H. and S.H. filed a motion for attorney's fees and costs. ECF No. 54. For the reasons below, the court grants the motion in part.

## BACKGROUND

On June 16, 2025, this court granted Plaintiffs' motion for summary judgment and denied Defendants' motion for summary judgment. ECF No. 52. Specifically, the court ordered Plaintiffs' claims be remanded to United. ECF No. 52 at 17.

On June 30, 2025, Plaintiffs moved for their attorney's fees and costs. ECF No. 54. Defendants oppose the motion. ECF No. 55.

## LEGAL STANDARD

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to any party." 29 U.S.C. § 1132(g)(1). The Tenth Circuit has clarified that "[a] fee claimant need not be a prevailing party to be eligible for an award of attorney's fees and costs

under ERISA." *Cardoza v. United of Omaha Life Ins. Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254 (2010)). Rather, a court has the discretion to award fees "as long as the fee claimant has achieved 'some degree of success on the merits.'" *Cardoza*, 708 F.3d at 1207 (quoting *Hardt*, 560 U.S. at 255).

In deciding whether a claimant is deserving of attorney's fees and costs, a district court "may consider" five different factors: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions." *Cardoza*, 708 F.3d at 1207.

After determining an award is appropriate, courts use the hybrid lodestar method to determine the amount of fees to be awarded. *Carlile v. Reliance Standard Life Ins. Co.*, No. 2:17-cv-01049, 2019 WL 8128545, at *1 (D. Utah Dec. 31, 2019), *aff'd*, 988 F.3d 1217 (10th Cir. 2021) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The hybrid lodestar method multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." *Carlile*, No. 2:17-cv-01049, 2019 WL 8128545, at *1.

With respect to costs, 28 U.S.C. § 1920 sets out specific items that may be recovered in an ERISA action. The court "has no discretion to award items as costs that are not set out in section 1920." *Sorbo v. United Parcel Service*, 432 F.3d 1169, 1179 (10th Cir. 2005) (quoting *Bee v. Greaves*, 910 F.2d 686, 690 (10th Cir. 1990)).

## ANALYSIS

### I.    Costs

Plaintiffs request $400 in costs for the filing fee. ECF No. 54 at 5. Filing fees are considered a cost under 28 U.S.C. § 1920. *See, e.g.*, *Theo M. v. Beacon Health Options, Inc.*, No. 219CV00364JNPDBP, 2023 WL 4826771, at *7 (D. Utah July 27, 2023). The court thus awards Plaintiffs $400 in filing fees.

### II.    Attorney's Fees

When considering attorney's fees, the court must first determine if an award is warranted. Here, Plaintiffs clearly achieved some level of success on the merits. *See Cardoza*, 708 F.3d at 1207. After all, the court granted their motion for summary judgment in an order that delved into the substantive issues of the case. *See* ECF No. 52. Defendants also do not seriously dispute that attorney's fees are available. *See* ECF No. 55. Accordingly, the court finds an award of attorney's fees to be appropriate, pursuant to 29 U.S.C. § 1132(g)(1).

Plaintiffs request an award of $51,170 in attorney fees. ECF No. 54 at 9. This amount consists of 35.6 hours of Brian King's work at a billable hourly rate of $650 per hour, 1.9 hours of Samuel Hall's work at a billable hourly rate of $400 per hour, and 90.9 hours of Andrew Somers's work at a billable hourly rate of $300 per hour. ECF No. 54 at 8–9.

Defendants do not dispute the reasonableness of the hours submitted to the court by King, Hall, and Somers. *See* ECF Nos. 54-1, 54-2, 54-3. Upon review, these time entries are reasonable. *See Hensley*, 461 U.S. at 434 (holding courts must exclude fees for "hours that were not 'reasonably expended'").

Defendants, however, do oppose the reasonableness of the hourly rates of Plaintiffs' lawyers and ask the court to reduce the requested awards to reflect what they view as more

reasonable rates. ECF No. 55 at 2. They specifically argue that the hourly rate for each attorney is excessive because the rates exceed those previously found to be reasonable by courts in this District and because Plaintiffs failed to produce evidence to establish their rates as appropriate. *Id.*

In determining what the reasonable rates are for Plaintiffs' counsel, the court first examines what the relevant community standard is for ERISA cases. It then considers if the court has sufficient evidence before it to establish reasonable rates, and finally, it determines the reasonable rate for each lawyer.

### A.    The Relevant Community

To determine a reasonable hourly rate, courts look to the "prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Carlile*, No. 2:17-CV-01049, 2019 WL 8128545, at *1.

Defendants note that Mr. King's declaration repeatedly references his familiarity with the prevailing national rates for ERISA cases, but Defendants assert that the national rate is inapplicable here. ECF No. 55 at 6. Plaintiffs respond that ERISA litigation is sufficiently specialized such that there "may be no local community of comparable lawyers from which to draw hourly rates for comparison." ECF No. 54 at 7. They argue that in these cases, courts then look to circuit-wide or national rates to establish a standard. *Id.* at 7–8. Plaintiffs argue that the hourly rates they request are within the range of rates in the national market involving experienced ERISA counsel.[1] ECF No. 54 at 7.

---

[1] They point, for example, to cases in California where rates for ERISA counsel of $700 to $850 were found to be appropriate. *See, e.g.*, *Cameron v. Sun Life Assurance Co.*, 757 F. Supp. 3d 1083,

Plaintiffs, however, only point to out-of-circuit cases to support their claim that a national rate should be used for ERISA cases. *See* ECF No. 54 at 8 n.31, n.32. To supplement this gap, they also argue that, under Tenth Circuit precedent from *Lippoldt v. Cole*, the appropriate comparison is a national standard when the subject is unusual or extremely specialized. *See* 468 F.3d 1204, 1225 (10th Cir. 2006). But under the *Lippoldt* standard, Plaintiffs have failed to establish "that the subject of the litigation was so unusual that only an out-of-state attorney could present the case" such that using a national standard would be warranted. *Id.* Plaintiffs only argue that ERISA litigation is "unusual compared to ordinary litigation," and they even admit that "ERISA is not special." ECF No. 60 at 3. Moreover, unlike in *Lippoldt*, Mr. King and his associates do indeed work in the Salt Lake City region, making *Lippoldt* even less applicable. *See id.* (affirming the applicability of a local standard for an *out-of-state attorney*).

The court thus looks to the prevailing rates in the community to determine reasonable hourly rates, with the relevant community being the Salt Lake City market. As Defendants note, there are "reasonably comparable" local ERISA practitioners, even if Plaintiffs' counsel have an exceptional level of experience. ECF No. 55 at 6, n.2; *see* ECF No. 60-1; *see also Theo M.*, No. 219CV00364JNPDBP, 2023 WL 4826771, at *5 (finding the relevant community is Salt Lake City for an ERISA case litigated by Mr. King); *K.D. v. Anthem Blue Cross*, No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1 (D. Utah Feb. 28, 2024) ("Although Mr. King continues to seek his national rate, this District has consistently determined that the application of a local rate is appropriate in ERISA cases.").

---

1090 (C.D. Cal. 2024); *Dan C. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:22-CV-3647-FLA (AJRX), 2024 WL 4425767, at *4 (C.D. Cal. Aug. 30, 2024).

### B.     Plaintiffs' Burden of Proof

The burden to prove a fee is reasonable is on the claimant who files an application for attorney's fees. *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). "To meet this burden, the claimant must[] 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community . . . .'" *Id*. (quoting *Blum v*, 465 U.S. at 895 n.11). "If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.'" *Lippoldt*, 468 F.3d at 1225.

Here, Defendants argue that Plaintiffs failed to meet their burden of establishing their hourly rates because they submitted only their own declarations in support. *See Guides*, 295 F.3d at 1078. They further note that, whereas Mr. King's declaration cites to other ERISA practitioners nationwide, Mr. Hall's and Mr. Somers's declarations fail to even make reference to rates charged by other ERISA practitioners. *Id.*

However, Plaintiffs have since submitted in their reply an additional detailed affidavit from another local ERISA practitioner, Ms. Karra J. Porter. ECF No. 60-1. Considering all the affidavits and the court's own knowledge, the court finds that it has adequate evidence to determine reasonable rates here. *See O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1085–86 (D.N.M. 2018) (determining a reasonable rate through counsel affidavits, a single non-party lawyer affidavit, and past fee awards from the District).

### C.     Reasonable Rates

As noted, Plaintiffs request an award reflecting a rate of $650 per hour for Mr. King, $400 per hour for Mr. Hall, and $300 per hour for Mr. Somers. Defendants argue that these requested

rates are twenty to thirty percent higher than both the prevailing rates for ERISA cases in Salt Lake City and the rates that courts have granted these specific lawyers in the past year—a growth rate well above the rate of inflation. ECF No. 55 at 2, 4. Defendants point specifically to cases from 2024 in which courts have found reasonable maximum rates of $600 for Mr. King, $300 for Mr. Hall, and $250 for Mr. Somers. *See K.D.*, No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1 (finding reasonable a $500 rate for Mr. King and a $300 rate for Mr. Hall); *L.L. on behalf of J.L. v. Anthem Blue Cross Life & Health Ins. Co.*, No. 2:22-CV-00208-DAK, 2024 WL 3899380, at *2 (D. Utah Aug. 21, 2024) (finding reasonable a $600 rate for Mr. King and a $250 rate for Mr. Somers).

With respect to Mr. King's requested rates, Plaintiffs argue that Mr. King's skill and experience warrant a higher-than-market rate. They point to *Reazin v. Blue Cross & Blue Shield of Kansas, Inc.*, in which the Tenth Circuit affirmed a higher-than-market rate based on the district court's finding that "there is neither a lawyer nor a firm in this town which could have devoted to this case the timely expertise, experience, and manpower put forth by" the law firm in the case. 899 F.2d 951, 983 (10th Cir. 1990); *see also O Centro*, 343 F. Supp. 3d at 1084 (applying *Reazin*'s logic to find a higher-than-market rate for a lawyer to be reasonable).

It appears true that Mr. King has an exceptional, perhaps unparalleled depth of experience and skill in ERISA cases in this District. He has been exclusively handling ERISA cases for nearly thirty years, has lectured on various aspects of ERISA, and has testified before the Department of Labor twice on proposed changes to ERISA. ECF No. 54-1 ¶¶ 2–7. He has asserted he is now charging $650 per hour for his work, *id.* ¶ 12, and has been charging $600 per hour since at least 2021, *see, e.g.*, *D.K. v. United Behav. Health*, No. 2:17-CV-01328-DAK, 2021 WL 4060937, at *3 (D. Utah Sept. 7, 2021), *aff'd*, 67 F.4th 1224 (10th Cir. 2023).

As Plaintiffs allege, the only local counsel that Defendants have referenced that can be fairly compared to Mr. King is Ms. Karra J. Porter.[2] ECF No. 60 at 5. In Ms. Porter's declaration, she states that the influx of national firms into Utah has inflated hourly rates over the past several years, that seasoned attorneys regularly bill $700 or more per hour in cases involving complex statutory claims like ERISA in the Salt Lake City market, and that her own hourly rate is $600 per hour for ERISA contingency cases. ECF No. 60-1 ¶ 6. She further states that very few attorneys operate in the ERISA space and that "Mr. King is undisputedly the most qualified and knowledgeable ERISA attorney in the country." *Id.* ¶¶ 7, 10. Ms. Porter's declaration supports both a finding that Mr. King is entitled to a higher-than-market rate and a finding that the $650 per hour requested here may not be above market at all for an attorney as experienced as Mr. King.

The court acknowledges that no other court has yet found a rate of $650 per hour to be reasonable for Mr. King. However, the court in *L.L. on behalf of J.L. v. Anthem Blue Cross Life & Health Ins. Co.* found a rate of $600 to be reasonable a little over a year ago. While an increase of $50 in one year may seem steep, Mr. King has been charging $600 since at least 2021, and a $50 increase in his rates over almost five years appears reasonable. In making this determination, the court notes that Mr. King often faces a unique burden in petitioning for attorney's fees—finding comparators with as much experience as him. *See O Centro*, 343 F. Supp. 3d at 1085. Accordingly, the court finds the $650 per hour rate to be reasonable for Mr. King.

Defendants also contend that the $400 per hour rate for Mr. Hall and the $300 per hour rate

---

[2] Beyond Ms. Porter, defendants only cite generally to two law firms who have defense lawyers who litigate ERISA cases and to one other attorney. Without more information, it is difficult for the court to ascertain if the latter attorney is an appropriate comparator. The court acknowledges, however, that it has not been able to find a case in which that attorney has won attorney's fees on the merits of an ERISA action, which suggests she may not be a useful point of comparison.

for Mr. Somers are excessive. Defendants propose that the court follow prior recent cases in which courts found a $300 per hour rate for Mr. Hall and a $250 per hour rate for Mr. Somers to be reasonable. *See K.D.*, No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1 ($300 per hour for Mr. Hall); *L.L.*, No. 2:22-CV-00208-DAK, 2024 WL 3899380, at *2 ($250 per hour for Mr. Somers).

Unlike the case with Mr. King, the court here has less support for finding that Mr. Hall or Mr. Somers warrant a higher-than-market rate or that their requested rates are in line with other attorneys with similar levels of experience.

In *K.D. v. Anthem Blue Cross*, the court found a rate of $300 to be reasonable for Mr. Hall in 2024, based on a prior award of a $250 hourly rate in 2021 and three additional years of experience. No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1. With the addition of another year's worth of experience, the court finds the $300 hourly rate to remain reasonable. Plaintiffs do not point to any attorneys who were awarded $400 hourly rates with similar levels of experience; in fact, their suggested comparator attorney was only awarded a $350 hourly rate in 2024. *See L.L.*, No. 2:22-CV-00208-DAK, 2024 WL 3899380, at *2.

The court also finds the rate of $250 per hour to be reasonable for Mr. Somers. Mr. Somers has previously been awarded that rate in 2024. *Id.* He has since gained another year's worth of experience, bringing his total experience to just over two years. *See* ECF No. 54-3 ¶ 6. Given other courts have recently found attorneys working with Mr. King to qualify for $300 hourly rates with *double* the amount of experience, the court finds the $250 hourly rate for Mr. Somers to still be reasonable. *See K.D.*, No. 2:21-CV-343-DAK-CMR, 2024 WL 840659, at *1.

### D.      Lodestar Amount

Accordingly, following the hybrid lodestar method, the court awards attorney's fees as

follows:

Brian King—35.6 hours at $650 per hour = $23,140.

Samuel Hall—1.9 hours at $300 per hour = $570.

Andrew Somers—90.9 hours at $250 per hour = $22,725.

Therefore, the court awards Plaintiffs attorney's fees in the amount of $46,435.

### CONCLUSION

Based on the above reasoning, Plaintiffs' motion for attorney's fees and costs is GRANTED

IN PART. The court awards Plaintiffs $46,435 in attorney's fees and $400 in costs.


Signed March 6, 2026.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge